## HOWARD PITZER v. STATE.

No. A-4809.  Opinion Filed March 21, 1925.
(234 Pac. 222.)

(Syllabus.)

**Appeal and Error—Weight of Evidence and Credibility of Witnesses as Questions for Jury, Rather than Appellate Court.** The weight of the evidence and the credibility of the witnesses are questions solely for the jury, not a matter to be determined by this court on appeal, where there is substantial evidence tending to show defendant's guilt.

Appeal from County Court, Cimarron County; E. B. McMahan, Judge.

Howard Pitzer was convicted of having illegal possession of intoxicating liquor, and he appeals. Affirmed.

I. E. Hill, for plaintiff in error.

BESSEY, P. J. Howard Pitzer, plaintiff in error, here referred to as the defendant was by verdict of a jury found guilty of the illegal possession of a quantity of whisky, with the penalty assessed at a fine of $200 and confinement in the county jail for a period of 60 days.

The evidence on the part of the state shows that the sheriff, a constable, and other peace officers went in the nighttime to the home of the defendant, with a search warrant authorizing them to search the premises; that in executing the search warrant they found an elaborate whisky still and some mash in the process of fermentation, in a dugout and underground passageway near the defendant's residence; that, while the officers were waiting for a truck to convey the still and apparatus seized, they heard some one open a window of the house and pour out some liquid upon the ground; afterwards they found the containers which had been thrown out of the window, and upon examination of the ground thereabouts they found two wet places giving off the odor of whisky.

Defendant claims that portions of this distilling apparatus were out of order, and that the outfit, at the time of the raid, and for some time prior thereto, was in such condition that it could not be used for making whisky. Defendant admitted that he had a small quantity of whisky, but claimed that he had it for his own use and the use of his family, and that he had no intention of disposing of it contrary to law.

It will be seen, without going into further detail, that the evidence on the part of the state, including the physical facts and circumstances shown, reasonably tends to show that the **defendant was in possession** of whisky

with intent to violate the law. The evidence in conflict with the state's showing may not have been believed by the jury. The weight of the evidence and the credibility of the witnesses, under circumstances like these, are questions solely for the jury, not a matter to be determined by this court on appeal.

The sufficiency of the evidence is the only question raised by defendant's brief.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.